IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR. No. 03-71-03ML |
| | : | |
| BILAL ABDUL RASHID | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR SENTENCE REDUCTION PURSUANT
TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. §§ 1B1.10, 2D1.1

The defendant, Bilal Abdul Rashid, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1 B1.10 and 2D1.1. Defendant now seeks a sentence of 120 months. For the reasons set forth below, the government believes that the Court should leave undisturbed the 150 month sentence it imposed on February 27, 2006.

Facts and Travel

On August 6, 2003, a federal grand jury returned an indictment charging Charles Brown, Charles Isler, and Bilal Abdul Rashid with conspiracy to distribute and possession with intent to distribute more than 50 grams of cocaine base (Counts I and II) and Charles Brown with a third count of possession with intent to distribute more than 5 grams of cocaine base (Count III). Following a jury trial, on February 4, 2004, the jury returned a verdict of guilty as to all counts of the Indictment

against all three defendants. With respect to Charles Isler and Bilal Abdul Rashid, however, the jury found them guilty of the lesser included offense of conspiracy and possession with intent to distribute five grams or less of cocaine base, in violation of 21 U.S.C. § 841(a)(1)&(b)(1)(C) and 846.

The Court held a sentencing hearing on April 23, 2004. At that time, the Court found that the defendant was responsible for 155 grams of crack cocaine. This amount of crack cocaine resulted in an offense level of 34. The Court also found that the defendant had a Criminal History category of IV, resulting in a guidelines range of 210-262 months. The Court imposed a sentence of 210 months, the bottom of the guidelines range. Defendant appealed. While the appeal was pending in the First Circuit, the Supreme Court announced the decision in United States v. Booker, and the matter was remanded for resentencing.

The Court held a second sentencing hearing on February 27, 2006. At that time, the Court again heard argument from the government and the defendant as to what sentence it should impose. The government argued for re-imposition of the original sentence. The defendant did not propose a specific sentence but argued for "leniency" and a sentence that is far below the original one imposed. The Court re-affirmed its earlier finding that the defendant was responsible for 155 grams of crack cocaine and that the defendant was part of a conspiracy to sell crack

cocaine out of a fortified crack house in Providence, Rhode Island. The Court recognized that the guidelines were no longer mandatory and that it had the discretion to impose a lower sentence, taking into account all of the factors under 18 U.S.C. § 3553. The Court concluded its discussion as follows:

> As you know, the sentence I imposed the last time was 210 months because that was the very least I was required to impose. I said it then and I still believe today that that was an unnecessarily harsh sentence. And its those kinds of sentences when applied mechanically that I think undermine everyone's respect for the law . . .
>
> I am cognizant of the statement in 3553 that tells the Court that it must impose a sentence that is sufficient, but not greater than necessary, to accomplish the objectives set forth in 3553, namely to punish you for what you did, to deter you from doing again in the future, to protect the public from that kind of behavior, while at the same time to provide you with needed education and training.
>
> . . .
>
> And I look at Mr. Isler, who had a worse record than you do. Yours isn't great, but his was even worse than yourse. And so I take that into account as well. In Mr. Isler's case, I sentenced him to a term of 180 months. . . .
>
> In your case, I believe a sentence of 150 months is sufficient to accomplish the goals of sentencing as set forth in 3553 while at the same time is not greater than necessary to accomplish those goals.

Sentencing Tr. At 23-24] And so, the Court imposed a sentence of 150 months incarceration on Counts I and II to run concurrently. This was almost a 30% variance from the low-end of the guideline range at the time.

Argument

Defendant now claims that he is entitled to the same variance from the revised guidelines range of 168-210 months based on a revised offense level of 32. Accordingly, defendant is advocating for a sentence of 120 months. The government does not agree.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not required to reduce a defendant's sentence when a retroactive amendment results in a lower guidelines range, and the court must consider "whether and to what extent, a reduction is warranted for a defendant eligible for consideration under 18 U.S.C. §3582(c)(2), the Court should consider the term of imprisonment that it would have imposed had the amendments to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced . . . ."

In this case, when the Court re-sentenced the defendant, it did so unfettered by the mandatory guidelines. The Court made clear that it was imposing a sentence after taking into account all the factor of 18 U.S.C. § 3553. It also took into account the sentence it imposed on co-defendant Charles Isler. The Court did not sentence the defendant pursuant to any particular

downward departure motions. In coming up with a sentence of 150 months, the Court imposed a sentence that was still much lower than the revised guidelines range would call for (168 - 210 months).

The government believes that further lowering the sentence in this case serves no additional goal under 18 U.S.C. § 3553, would be based on the fortuitous timing of the defendant's re-sentencing, and would result in an unwarranted, and undue disparity between similarly situated defendants and, indeed, the co-defendants in this very case. Such a disparity directly contradicts one of the goals set forth in 18 U.S.C. § 3553(a)(6).

In this case, the defendant was convicted after trial of several serious drug offenses. The defendant never accepted responsibility for these offenses, and sought to offer, through the testimony of a co-defendant, a preposterous explanation for his presence inside a fortified drug house. The Court, after considering all the fact of the case, as well as Mr. Rashid's characteristics and background, ultimately sentenced Mr. Rashid to 150 months - - a three-level deviance from the original guideline range. This lower sentence was not based on any particular downward departure basis that could rationally be applied to a revised guideline range. In other words, the variance was not the result of a specific departure provision such as family circumstances or medical condition that has

nothing to do with the offense conduct. Rather, Rashid's sentence reflected the Court's comprehensive, non-mechanical, balancing of the seriousness of the offense (including the type of drug and amount of drugs involved), the defendant's characteristics, and other 3553 factors. The Court was free to impose a 120-month sentence back in February of 2006 but declined to do so at that time. Further reducing the sentence at this point would result in an unfair, and unfounded, benefit to the defendant that is a consequence of nothing other than the timing of his re-sentencing hearing. Such a benefit, it should also be noted, is not available to his co-defendant Charles Isler, nor is it available to many other defendants whose convictions were affirmed pre-Booker.

WHEREFORE, the government requests that this Court deny the defendant's motion and leave undisturbed the sentence imposed.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Adi Goldstein
Adi Goldstein, Bar # 6701
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5050
401-709-5001 (fax)
Adi.Goldstein@usdoj.gov

CERTIFICATION

I hereby certify that on the 19th day of June, 2008, I electronically filed and served the Within Government's Response To Defendant's Motion For Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1B1.10, 2D1.1 to:

Edward C. Roy, Esq.
Federal Defenders Office
10 Weybosset Street, 3rd Floor
Providence, RI 02903

/s/ Adi Goldstein
Adi Goldstein, Bar # 6701
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5050
401-709-5001 (fax)
Adi.Goldstein@usdoj.gov