# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| vs. | : | CR No. 03-071-ML |
| BILAL ABDUL RASHID | : | |

## MEMORANDUM AND ORDER

Bilal Abdul Rashid has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, that motion is DENIED.

## FACTUAL BACKGROUND AND TRAVEL

On June 3, 2003, detectives raided a heavily fortified apartment located at 178 Burnside Street, Providence (the "Burnside apartment") and arrested Rashid and two other individuals. In the course of the arrest, police seized 148 grams of crack cocaine, together with various amounts of cash found on the three men and in the apartment, including $1,078 from Rashid. Rashid was charged and convicted after a jury trial of conspiracy and possession with intent to distribute under five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846.[1]

Pursuant to the relevant conduct provisions of the Sentencing Guidelines, USSG § 2D1.1(c), the Presentence Report (PSR) calculated Rashid's offense level on the basis of the entire quantity of crack cocaine found at the Burnside apartment (148 grams) and by converting the amount of cash found on his person ($1,078) to crack cocaine, for a total of 158.78 grams, yielding an offense level of 34. (PSR, ¶ 13.) Based on this level and Rashid's criminal history category IV, the guideline sentencing range was 210 - 262 months. (PSR, ¶¶ 21, 23, 38, 62.)

---

[1] The two individuals arrested with Rashid, Charles C. Brown and Charles H. Isler, were indicted and tried with Rashid, found guilty, and were separately sentenced by this Court. Their convictions were affirmed along with Rashid's conviction. See infra at 2.

At sentencing, Rashid, through counsel, objected to the inclusion of money (as converted to drug equivalence) and the entire quantity of drugs found at the Burnside apartment in the computation of his sentence. (See Transcript of Sentencing Hearing conducted on April 23, 2004 ["4/23/04 Sent. Tr."] at 5-16.) This Court denied Rashid's objections and found the offense level and criminal history calculated by the PSR to be correct. (Id. at 16-19.)[2] The Court sentenced Rashid to 210 months imprisonment, the bottom of the applicable guideline range, followed by five years of supervised release. (Id. at 38-39.)

Rashid appealed, and the First Circuit affirmed his conviction but remanded for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Isler, 429 F.3d 19 (1st Cir. 2005).

At the re-sentencing hearing Rashid again objected to the inclusion of the drugs and money found at the Burnside apartment in the amount of drugs for which he was found responsible. (See Transcript of Sentencing Hearing conducted on February 27, 2006 ["2/27/06 Sent. Tr."] at 7-9.) This Court rejected those objections and imposed a reduced sentence of 150 months -- 60 months below his advisory guideline range. (Id. at 24.) Rashid appealed his amended sentence, arguing that this Court "erred in relying on factual findings made not by the jury but by the court itself." United States v. Rashid, No. 06-1428, Judgment (1st Cir. Feb. 20, 2007) at 1. The Court of Appeals summarily affirmed, stating that this Court had "clearly treated the sentencing guidelines as advisory" and noting that the amended sentence was five years below the low end of the advisory range. Id.

Rashid subsequently filed a Motion for Sentence Reduction pursuant to 18 U.S.C.

---

[2] This Court also denied Rashid's motion for a downward departure from the applicable guideline range, based on the alleged overstatement of his criminal history. (4/23/04 Sent. Tr. at 26-30.) This ruling is not at issue here.

§3582(c)(2), which this Court denied. (See Mem. & Order, dated June 27, 2008 [Doc.#224].) The First Circuit summarily affirmed this ruling. United States v. Rashid, No. 08-1860, Judgment (1st Cir. June 11, 2009) at 1.

In the meantime, Rashid filed the instant motion to vacate sentence pursuant to 28 U.S.C. §2255. The sole claim raised in his motion is that the factual findings as to drug quantity made by this Court in connection with his sentencing should have been made by a jury. The Government has filed an opposition to the motion, to which Rashid has replied. This matter is ready for decision.

## DISCUSSION

Generally, the grounds justifying relief under § 2255 are limited.[3] A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-185 (1979) ("An error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.").

In support of his challenge to his sentence, Rashid contends that this Court's consideration of the total amount of crack cocaine and currency seized from the Burnside apartment constituted an unconstitutional re-examination of "jury found facts." (Motion to Vacate [Doc. # 233] at 1.) This claim fails for several reasons.

---

[3] Title 28 U.S.C. § 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

First, as the Government points out, the claim has been previously raised before this Court and the Court of Appeals without success. Rashid's counsel unsuccessfully objected to the drug quantity findings at both his initial and subsequent sentencing hearings, and the claim was summarily rejected by the Court of Appeals in the course of affirming Rashid's amended sentence. See Rashid, No. 06-1428, Judgment at 1.[4] It has long been established that claims raised and decided on direct appeal from a criminal conviction may not be re-asserted in a § 2255 proceeding. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in any prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion") (quoting Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967)); Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1996). Thus, to the extent that Rashid asserts that this Court should not have included all of the drugs found in the Burnside apartment and the cash found on his person in calculating his sentence, his claim may not be re-asserted here.

Second, the claim fails in any event on its merits. It is well established that the Sentencing Guidelines permit a district court to consider evidence of relevant conduct in determining drug quantity for sentencing purposes.[5] See USSG. § 3B; United States v. Cintron-Echautegui, 604 F.3d 1, 5 (1st Cir. 2010) ("Under the guidelines, a defendant may be held responsible at sentencing for relevant conduct, including 'all acts and omissions committed ... by the defendant.'") (quoting USSG § 1B1.3(a)(1)(A)); United States v. Laboy, 351 F.3d 578, 585 (1st Cir. 2003) (court may draw on all

---

[4] It appears that Rashid also challenged this Court's finding as to drug quantity as part of his direct appeal from his initial sentence, although the argument was not reached by the First Circuit, in view of its remand under Booker. See Isler, 429 F.3d at 29-30.

[5] Contrary to Rashid's contention, drug quantity is a sentencing factor and not an element of his offense. See United States v. Malouf, 466 F.3d 21, 26 (1st Cir. 2006); United States v. Goodine, 326 F.3d 26, 32 (1st Cir. 2003).

-4-

"relevant conduct" when determining drug quantity or whether the defendant was an "organizer or leader" under sentencing guidelines); United States v. Caba, 241 F.3d 98, 100-102 (1st Cir. 2001) (upholding court's finding of drug quantity for sentencing purposes). Indeed, a sentencing court may include in drug quantity calculations drugs for which a defendant was acquitted without violating due process. See id. at 101 (sentencing court may include in drug quantity drugs for which defendant was acquitted) (citing United States v. Watts, 519 U.S. 148, 157 (1997)). Here, Rashid's challenge to the drug quantity found by this Court when calculating his sentence flies in the face of this precedent and cannot survive.

In his motion to vacate, however, Rashid asserts a new basis for challenging his drug quantity calculation. He argues that by permitting a sentencing court to make preponderance findings regarding the quantity of drugs for which a defendant is responsible, the sentencing guidelines impermissibly altered the constitutional roles of judge and jury, in violation of Article III, § 2[6] and the Seventh Amendment of the Constitution. He concludes that this Court had no power to find a quantity greater than that specified in the offense of which the jury found him guilty – less than five grams. (Motion to Vacate at 1-6; Reply 2-12.)

This claim does not require extensive discussion. To the extent that it is based on the separation of powers, it is foreclosed by Mistretta v. United States, 488 U.S. 361 (1989), in which the Supreme Court held that the promulgation of sentencing guidelines by the Sentencing Commission did not violate separation of powers. See United States v. Citro, 938 F.2d 1431, 1440

---

[6] Art. III, § 2, cl. 3, of the Constitution provides:
The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed.

n.17 (1st Cir. 1991) (noting that guidelines were found to be constitutional in <u>Mistretta</u>). Similarly, Rashid's invocation of Art. III, § 2, cl. 3 of the Constitution does not add anything to his claim that the jury, rather than this Court, should have found him responsible for the drugs and money at the Burnside apartment, and Rashid points to no authority suggesting otherwise.

To the extent that Rashid's claim is based on the Seventh Amendment, it is axiomatic that the Seventh Amendment pertains to civil trials and not criminal trials. <u>See</u> <u>Colgrove v. Battin</u>, 413 U.S. 149, 152-54 (1973) (noting that Seventh Amendment was enacted out of "fear that the *civil* jury itself would be abolished unless protected in express words") (citing <u>Parsons v. Bedford</u>, 3 Pet. 433, 445 (1830)); <u>Bartkus v. Illinois</u>, 359 U.S. 121, 125 (1959) (referring to the "criminal jury guarantee of the Sixth Amendment, and the *civil* jury guarantee of the Seventh Amendment"); <u>Reid v. Covert</u>, 354 U.S. 1, 9 n.12 (1957) ("The Sixth Amendment reaffirmed the right to trial by jury in criminal cases and the Seventh Amendment insured such trial in *civil* controversies."). <u>See also</u> <u>Wilson v. Nooter Corp.</u>, 475 F.2d 497, 502 (1st Cir. 1973) (referring to the "*civil* jury requirement of the Seventh Amendment"). (Emphasis added in preceding citations.) Thus, the Seventh Amendment provides no support to Rashid's claim that he was entitled to have a jury determine drug quantity in connection with his sentencing.

This Court has considered all of Rashid's other arguments and finds them to be without merit.

## CONCLUSION

In view of the foregoing considerations, Rashid's motion to vacate pursuant to 28 U.S.C. § 2255 is hereby DENIED and dismissed.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA), because Rashid has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Rashid is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> § 2255 Rule 11(a).

SO ORDERED:

*Mary M. Lisi*
Mary M. Lisi
Chief United States District Judge

Date: December 3, 2010